# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH WALKER,**

        Plaintiff,

  v.                                              **Case No. 20-CV-542**

**DAVID J. CLARKE, JR.,**
**RICHARD E. SCHMIDT,**
**MAJOR NANCY EVANS,**
**CAPT. GEORGE GOLD,**
**JOHN DOES 1-5,**
**MILWAUKEE COUNTY BEHAVIORAL HEALTH DIVISION,**
**JOHN DOES 6-10,**
**MILWAUKEE COUNTY,**
**ARMOR CORRECTIONAL HEALTH SERVICES, INC.,**
**And JOHN DOES 11-20,**

        Defendants.

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING OF COMPLAINT

On April 2, 2020, Joseph Walker filed a *pro se* complaint alleging that the defendants violated his rights under federal and state law when he was a pretrial detainee at the Milwaukee County Criminal Justice Facility. (Docket # 1.) Walker also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Walker is indigent and that his complaint allegations implicate his rights under federal law, his motion will be granted. However, because the complaint contains several deficiencies, Walker will be given leave to amend his complaint.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to Walker's motion, he is unemployed, receives $866.00 per month in SSI, and has $30.00 in assets. (Docket # 2 at 1-4.) Walker has $900.00 per month

2

in expenses. (*Id.*) I therefore conclude that he is unable to pay the filing fee and turn to the question of whether his complaint is frivolous, malicious, or fails to state a claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Walker is representing himself, I construe his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Walker alleges that on April 6, 2014, Milwaukee police officers shot him in the back and then arrested him. (Docket # 1 at 8.) He alleges that he was transported to the hospital and treated for his bullet wounds, taken to the Milwaukee County Jail for initial booking, and then transferred to the Milwaukee County Criminal Justice Facility (MCCJF), facing state criminal charges. (*Id.*) Walker alleges that he suffers from acute psychological disorders and that, because of his disruptive conduct as well as his medical condition, correctional staff should have immediately placed him in the Infirmary at the MCCJF but, instead, they placed him in a "holding cell" with a group a men, sub-standard sanitation, and minimal monitoring. (*Id.* at 8-9.) While there, other inmates summoned help when they discovered Walker with blood in his mouth. (*Id.* at 9.) He was semi-conscious, "pulse exaggerated," and "Pulse Oxygen at 82%," and he was rushed to the hospital. (*Id.*) Upon return to the MCCJF, Walker was again placed in the holding cell and he alleges that he had another seizure. (*Id.*)

3

Walker says that during these events, he had fresh gunshot wounds that required routine bandaging and treatments. (*Id.*)

Walker alleges that he was subsequently placed in the infirmary, where he had to sleep on the dirty and unsanitary floor because staff had removed the "hospital bed" from the cell before placing him there. (*Id.*) Walker says that that the filthy cell was unfit for him because he had recent gunshot wounds that were still bleeding and open to infection. (*Id.*)

Walker alleges that at some point during his confinement, he filed one or more grievance forms with the defendants complaining of lack of medication for pain and placement on the dirty floor in his cell without a bed. (*Id.* at 10.) He alleges that the defendants refused to take any remedial action on his grievance form or forms. (*Id.*) Walker states that the defendants knew or should have known that he was in pain from the shooting injury and that he suffered severe emotional distress and/or depression from the shooting and/or incarceration. (*Id.*) He says that the defendants deliberately failed or refused to provide adequate pain relief and mental health support but, instead, confined him to twenty-four-hour lockdown in his cell. (*Id.*)

Walker claims that the defendants acted with deliberate indifference to his medical and mental health care. He claims that the defendants violated his rights under the United States Constitution and the Wisconsin Constitution. (*Id.* at 14.) He also claims that the defendants failed to properly train MCCJF staff. (*Id.* at 15.) Walker claims that Milwaukee County engaged in a habit, practice, and procedure of jeopardizing inmates' physical and mental health. (*Id.* at 17.) Walker also claims that

the defendants were negligent. (*Id.* at 17-20.) For relief, Walker seeks compensatory and punitive damages. (*Id.* at 20.)

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo,* 446 U.S. 635, 640 (1980). I find that Walker's complaint implicates his constitutional rights in that he contends that the defendants acted with deliberate indifference to his medical and mental health needs. However, the complaint contains several deficiencies and I will require Walker to file an amended complaint.

First, Walker sues the Milwaukee County Behavioral Health Division. The capacity of an entity "to sue or be sued" is determined by state law. Fed. R. Civ. P. 17(b). While a Milwaukee County may be sued, individual county agencies and departments may not. *See Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (citing Buchanan v. Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999)). Thus, because the Milwaukee County Behavioral Health Division is a division of the Department of Health and Human Services, which is a department of Milwaukee County, the Behavioral Health Division is not a proper defendant in this case.

Next, Walker seeks to bring a claim under the Wisconsin Constitution. However, Walker does not have a private cause of action under the Wisconsin

5

Constitution. *See, e.g.*, *Nora v. Wisconsin*, No. 19-CV-62-JDP, 2019 WL 4603792, at *3 (W.D. Wis. Sept. 23, 2019) (citing *Kingsley v. Raddatz*, No. 13-CV-432-BBC, 2014 WL 3447192, at *4 (W.D. Wis. July 11, 2014) ("The Wisconsin Constitution does not authorize suits for money damages except in the context of a takings claim.")).

Furthermore, Walker sues Milwaukee County and Armor Correctional Health Services, Inc., and he also sues all individual defendants in their official capacities. To establish liability under *Monell v. City of New York*, 436 U.S. 659 (1978) a plaintiff must demonstrate: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Waters v. City of Chi.*, 580 F.3d 575, 581 (7th Cir. 2009) (quoting *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007)). In his amended complaint, Walker should specify what policies and/or practices he challenges based on the claims he brings against the defendants in their official capacities.

Lastly, to the extent that Walker sues the individual defendants in their individual capacities, Walker must allege their personal involvement for them to be liable under 42 U.S.C. § 1983. Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). For liability to attach, the individual defendant must have caused or participated in a constitutional violation. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). With regard to supervisors, the

6

personal responsibility requirement is satisfied if the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent. *Id.* In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

When writing his amended complaint, Walker should provide the court with enough facts to answers to the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? Walker's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

Walker has fourteen (14) days to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Walker is advised that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, matters not set forth in the amended complaint are, in effect, withdrawn. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Walker's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Walker has fourteen (14) days to file an amended complaint consistent with this decision.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2020.

**BY THE COURT:**

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge