# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH WALKER,

    Plaintiff,

  v.                                                  Case No. 20-CV-542

DAVID J. CLARKE, JR.,
RICHARD E. SCHMIDT,
NANCY EVANS,
CAPTAIN GEORGE GOLD,
JOHN DOES 1-5,
JOHN DOES 6-10,
MILWAUKEE COUNTY,
ARMOR CORRECTIONAL HEALTH SERVICES, INC.
And JOHN DOES 11-20,

    Defendants.

## ORDER

    The plaintiff, Joseph Walker, filed a *pro se* complaint alleging that the defendants violated his rights under state and federal law when he was a pretrial detainee at the Milwaukee County Criminal Justice Facility. (Docket # 1.) On May 18, 2020, I granted Walker's motion for leave to proceed without prepaying the filing fee and reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) to determine whether it was frivolous, malicious, or failed to state a claim for relief. (Docket # 5.) Upon review, I determined that while Walker's complaint implicated his constitutional rights in that he alleged that the defendants acted with deliberate indifference to his medical and mental health needs, his complaint contained several

deficiencies. (*Id.*) I directed Walker to file an amended complaint curing these deficiencies if he wanted to proceed. Walker's amended complaint is now before the court. (Docket # 7.)

1. *Standard of Review*

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2. *Amended Complaint's Allegations*

Walker alleges that on April 6, 2014, Milwaukee police officers shot him in the back and then arrested him. (Docket # 7 at 9.) He alleges that he was transported to the hospital and treated for his bullet wounds, taken to the Milwaukee County Jail for initial booking, and then transferred to the Milwaukee County Criminal Justice Facility (MCCJF), facing state criminal charges. (*Id.*) Walker alleges that he suffers from acute psychological disorders and that, because of his disruptive conduct as well as his medical condition, correctional staff should have immediately placed him in

2

the Infirmary at the MCCJF but, instead, they placed him in a "holding cell" with a group a men, sub-standard sanitation, and minimal monitoring. (*Id.* at 9-10.) While there, other inmates summoned help when they discovered Walker with blood in his mouth. (*Id.* at 10.) He was semi-conscious, "pulse exaggerated," and "Pulse Oxygen at 82%," and he was rushed to the hospital. (*Id.*) Upon return to the MCCJF, Walker was again placed in the holding cell and he alleges that he had another seizure. (*Id.*) Walker says that during these events, he had fresh gunshot wounds that required routine bandaging and treatments. (*Id.*)

Walker alleges that he was subsequently placed in the infirmary, where he had to sleep on the dirty and unsanitary floor because staff had removed the "hospital bed" from the cell before placing him there. (*Id.*) Walker says that that the filthy cell was unfit for him because he had recent gunshot wounds that were still bleeding and open to infection. (*Id.*)

Walker alleges that at some point during his confinement, he filed one or more grievance forms with the defendants complaining of lack of medication for pain and placement on the dirty floor in his cell without a bed. (*Id.* at 11.) He alleges that the defendants refused to take any remedial action on his grievance form or forms. (*Id.*) Walker states that the defendants knew or should have known that he was in pain from the shooting injury and that he suffered severe emotional distress and/or depression from the shooting and/or incarceration. (*Id.*) He says that the defendants deliberately failed or refused to provide adequate pain relief and mental health support but, instead, confined him to twenty-four-hour lockdown in his cell. (*Id.*)

3

Walker claims that the defendants acted with deliberate indifference to his medical and mental health care. He claims that the defendants violated his rights under the United States Constitution and the Wisconsin Constitution. (*Id.* at 15.) He also claims that the defendants failed to properly train MCCJF staff. (*Id.* at 16.) Walker claims that Milwaukee County engaged in a habit, practice, and procedure of jeopardizing inmates' physical and mental health which includes their failure to comply with a Consent Decree that was entered into pursuant to Milwaukee County Case Number 1996-CV-1835. (*Id.* at 17-18.) Walker also claims that the defendants were negligent. (*Id.* at 18-21.) He sues all defendants in their individual and official capacities. For relief, Walker seeks compensatory and punitive damages. (*Id.* at 21.)

3. *Discussion*

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. Cnty. Of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

I presume the Walker was a pretrial detainee at all time relevant. A § 1983 claim that a pretrial detainee received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *James v Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *Miranda v. Cnty. of Lake*, 900 F.3d 335, 346-47 (7th Cir. 2018)). A pretrial detainee's claim of inadequate medical care is subject

4

to an objective-reasonableness standard. *Id.* (citing *Miranda*, 900 F.3d at 352). To demonstrate objective reasonableness, Walker must show (1) that the defendants acted purposefully, knowingly, or recklessly when considering the consequences of their response to the medical condition at issue; and (2) that the challenged conduct was objectively unreasonable in light of the totality of the relevant facts and circumstances. *Id.* (citing *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018)).

I find that Walker's complaint implicates his constitutional rights in that he contends that the defendants violated his constitutional rights regarding his medical and mental health needs. (Walker contends that the defendants acted with "deliberate indifference" to his medical and mental health needs but, because he was a pretrial detainee, the Fourteenth Amendment's objective reasonableness standard applies instead of the Eighth Amendment's deliberate indifference standard, which applies to convicted prisoners.)

Walker may proceed against Sheriff Clarke, Richard Schmidt, and Major Nancy Evans in their official capacities on his constitutional claim based on allegations that their failure to comply with a court-ordered Consent Decree resulted in the violation of his constitutional rights. He may also proceed against Captain George Gold and John Does 1-5 in their individual capacities on his constitutional claim claim, who allegedly monitored inmates in the infirmary. Walker may proceed against Milwaukee County, and against John Does 6-10 in their official capacities, based on allegations that they failed to train and supervise staff to ensure that the MCCJF was in compliance with the Consent Decree. He may also proceed against

5

Armor Correctional Health Services based on the alleged deficient medical care he received at the MCCJF. And Walker may proceed against John Does 11-20, who were employed by Armor at the MCCJF, for allegedly providing the deficient medical care. Finally, I will exercise supplemental jurisdiction over Walker's Wisconsin state law negligence claim. *See* 28 U.S.C. § 1367.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint (Docket # 7) and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Walker is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Walker information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the amended complaint.

6

Dated at Milwaukee, Wisconsin, this 28th day of August, 2020.

**BY THE COURT:**

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge
